FILED

OCT 3 0 2019

IN THIS OFFICE
Clerk U.S. District Court
Greensboro, N.C.

By

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:19CR168-1 |
| | : | |
| v. | : | |
| | : | |
| DANIEL GRANT COWART | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, DANIEL GRANT COWART, in his own person and through his attorney, David R. Lange, and state as follows:

1.      The defendant, DANIEL GRANT COWART, is presently under Amended Information in case number 1:19CR168-1, which charges him in Count One with a violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A), possession with intent to distribute 50 grams or more of methamphetamine; and which charges him in Count Two with a violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), felon in possession of a firearm.

2.      The defendant, DANIEL GRANT COWART, will enter a voluntary plea of guilty to Counts One and Two of the Amended Information herein. The nature of these charges and the elements of these charges, which must be

proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a.    The defendant, DANIEL GRANT COWART, understands that as to Count One of the Amended Information herein, he shall be sentenced to a term of imprisonment of not less than ten years and not more than life, a fine not to exceed $10,000,000, or both. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years in addition to such term of imprisonment.

b.    The defendant, DANIEL GRANT COWART, also understands that as to Count One of the Amended Information herein, the Court may order that the defendant make restitution in accordance with Title 18, United States Code, Section 3663(c)(1).

c.    The defendant, DANIEL GRANT COWART, understands that the maximum term of imprisonment provided by law for Count Two of the Amended Information herein is not more than ten years, and the maximum fine for Count Two of the Amended Information herein is $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, DANIEL GRANT COWART, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court

2

determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine.

d. The defendant, DANIEL GRANT COWART, also understands that, as to Count Two of the Amended Information herein, the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

e. The defendant, DANIEL GRANT COWART, further understands that, upon the acceptance by the Court of a guilty plea as to Count Two of the Amended Information herein, the defendant could be subject to the enhanced penalty provisions of Title 18, United States Code, Section 924(e)(1) at the time of sentencing if the defendant has three previous convictions by any court for a violent felony or a serious drug offense, committed on occasions different from one another. If the Court determines that Title 18, United States Code, Section 924(e)(1) is applicable, the term of imprisonment shall be not less than fifteen years, nor more than life. In addition, the defendant cannot be placed on probation or receive a suspended sentence. The defendant, DANIEL GRANT COWART, also understands that the Court may include as

3

a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than five years after imprisonment, pursuant to Title 18, United States Code, Section 3583.

  f. The defendant, DANIEL GRANT COWART, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

  g. The defendant, DANIEL GRANT COWART, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, DANIEL GRANT COWART, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal

4

and possibly permanent exclusion from the United States. The defendant, DANIEL GRANT COWART, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to Counts One and Two of the Amended Information herein, the defendant, DANIEL GRANT COWART, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, DANIEL GRANT COWART, is going to plead guilty to Counts One and Two of the Amended Information herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, DANIEL GRANT COWART, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing

5

Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b.    The defendant, DANIEL GRANT COWART, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, DANIEL GRANT COWART, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

c.    The defendant, DANIEL GRANT COWART, agrees that the substance involved in the offense alleged in Count One of the Amended Information herein is 50 grams or more of methamphetamine.

d.    It is further agreed that the defendant, DANIEL GRANT COWART, will waive in open court prosecution by Indictment and consent to be charged in an Information.

6

e.     It is further agreed by and between the United States and the defendant, DANIEL GRANT COWART, that in exchange for the government's agreement not to file additional charges pursuant to Title 18, United States Code, Sections 924(c)(1)(A)(i) or 924(c)(1)(A)(ii), the defendant expressly waives the right to appeal the conviction and whatever sentence is imposed on any ground, including any appeal right conferred by Title 18, United States Code, Section 3742(a), and further to waive any right to contest the conviction or the sentence in any post-conviction proceeding, including any proceeding under Title 28, United States Code, Section 2255, excepting the defendant's right to appeal or collaterally attack based upon grounds of (1) ineffective assistance of counsel, (2) prosecutorial misconduct not known to the defendant at the time of the defendant's guilty plea, (3) a sentence in excess of the statutory maximum, and (4) a sentence based on an unconstitutional factor, such as race, religion, national origin or gender.

6.     The defendant, DANIEL GRANT COWART, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States.  The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments

7

shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7.    The defendant, DANIEL GRANT COWART, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8.    It is further understood that the United States and the defendant, DANIEL GRANT COWART, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9.    The defendant, DANIEL GRANT COWART, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

8

10.    No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the **30** day of ~~September~~ *October*, 2019.


MATTHEW G.T. MARTIN
United States Attorney

DAVID P. LANGE
Attorney for Defendant


TANNER L. KROEGER
NYSB # 5297015
Assistant United States Attorney

DANIEL GRANT COWART
Defendant

101 S. Edgeworth St., 4th Flr.
Greensboro, NC  27401
336/333-5351

9